# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 6983 | **DATE** | 11/10/2011 |
| **CASE TITLE** | Nat'l. Shopmen vs. DISA | | |

**DOCKET ENTRY TEXT**

Motion by DISA to proceed with its equitable defenses and counterclaims is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff National Shopmen Pension Fund ("the Fund") filed suit against Defendant DISA Industries, Inc. ("DISA") alleging that DISA has failed to pay its pension fund withdrawal liability in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001 et seq. *See Nat'l Shopmen Pension Fund v. Disa Indus.*, 2010 WL 1251446 (N.D. Ill. Mar. 24, 2010) (*Shopmen II*). The Court granted DISA's motion to dismiss, finding that DISA did not waive its defenses to the withdrawal liability assessment by withdrawing its arbitration demand, and that DISA was not in default because the Fund's computation of the monthly payment amount was incorrect. *Id.* The Fund appealed the Court's ruling to the Seventh Circuit, which remanded the case for proceedings consistent with its Opinion. *See Nat'l Shopmen Pension Fund v. DISA Indus.*, 653 F.3d 573 (7th Cir. Aug 8, 2011) (*Shopmen III*). DISA asks that the Court exercise equitable authority and either issue judgment in DISA's favor or permit continued litigation so that DISA can seek equitable relief as an affirmative defense to the Fund's claim. The Court took position papers from DISA and the Fund under advisement and finds that the Seventh Circuit ruled definitively that DISA was in fact in default without recourse to additional proceedings.

     The Seventh Circuit held that "DISA's failure to exhaust its administrative remedies is dispositive." *Id.* at 574. While the MPPAA provides employers with a "full panoply of administrative and judicial remedies," the "key, however, is that any dispute relating to the calculation of withdrawal liability *must* be resolved through arbitration." *Id.* at 581 (emphasis in original); *see* § 1401(b)(1) ("If no arbitration proceeding has been initiated . . . the amounts demanded by the plan sponsor . . . shall be due and owing . . ."). Despite DISA's best intentions in filing suit in the District of Columbia, and despite that Court's finding that the amount should be resolved in arbitration, DISA terminated the arbitration proceedings and did not seek to reinstate them. *See Nat'l Shopmen Pension Fund v. DISA Indus.*, 583 F. Supp. 2d 95, 101 (D.D.C. 2008) (*Shopmen I*). By doing so:

DISA backed itself into a corner. When National Shopmen sent the April 8, 2009, notice—reiterating its demand for $978 per month as stated on January 24, 2007—DISA was left with only one option: to comply. DISA's failure to do so constitutes default and operates as a forfeiture of its opportunity to dispute National Shopmen's calculation of its withdrawal liability. See 29 U.S.C. § 1401(b)(1). DISA's default means that National Shopmen prevails . . . .

| STATEMENT |
|---|
| *Shopmen III* at 582. The Seventh Circuit found that dictates DISA's monthly withdrawal liability is $978 due to its default. The equitable defenses and counter-claims that DISA wishes to raise are vehicles to challenge that finding. By failing to reinstate arbitration proceedings during the 60 day period following Shopmen's notice on April 8, 2009, DISA has forfeited "any defenses it could have presented to the arbitrator." *Id.* at 579 (citing *Robbins v. Chipman Trucking, Inc.*, 866 F.2d 899, 902 (7th Cir. 1988) (observing that an employer "cannot bypass arbitration and litigate a defense to a withdrawal liability claim")). Consequently, the only proceeding left for this Court is the determination of the total amount of the withdrawal liability, minus amounts that DISA has already paid, plus interest, liquidated damages, and reasonable attorneys fees and costs which are mandatory upon a judgment in favor of a plan under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). |